## KB Green Valley N., DST v Keybank N.A.

2025 NY Slip Op 31752(U)

May 13, 2025

Supreme Court, New York County

Docket Number: Index No. 655576/2024

Judge: Arthur F. Engoron

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | |
|---|---|
| PRESENT:    **HON. ARTHUR F. ENGORON** | PART     **37** |
| *Justice* | |

----------------------------------------------------------------------X

KB GREEN VALLEY NORTH, DST, A DELAWARE
STATUTORY TRUST,

                              Plaintiff,

                              - v -

KEYBANK NATIONAL ASSOCIATION, A NATIONAL
BANKING ASSOCIATION, WILMINGTON TRUST,
TRUSTEE OF BBCMS MORTGAGE TRUST 2022 C-17
COMMERCIAL MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2022- C17, DOES I THROUGH X,

                              Defendants.

----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 655576/2024 |
| MOTION DATE | 01/07/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 33, 34, 35, 36, 39, 40, 41,

were read on this motion to                   **DISMISS**             .

Upon the foregoing documents, and for the reasons stated hereinbelow, defendants' motion to dismiss is granted.

Background

On July 26, 2022, plaintiff-borrower, KB Green Valley North ("KB"), DST, entered into a Loan Agreement (the "Loan") with defendant-lender KeyBank National Association ("KeyBank"), Loan No. 10234905, for $37,000,000, secured, in part, by an office complex located at 2275, 2285 and 2370 Corporate Circle, Henderson, Nevada (the "Property"). NYSCEF Doc. Nos. 11, 12. On September 8, 2022, KeyBank assigned its interest in the Loan to defendant Wilmington Trust. NYSCEF Doc. No. 13.

Because the Property is the primary security of the Loan Agreement, defendants obtained certain rights as to the Property's management. Specifically, as relevant here, the Loan Agreement includes provisions for a "Cash Sweep Event," which can be triggered by various occurrences, including "a Primary Tenant Cash Sweep Period." NYSCEF Doc. No. 12. Such periods occur upon, inter alia, "the Primary Tenant Lease Renewal Date for any Primary Tenant Lease (provided any remaining extension option has not been properly exercised under the applicable Primary Tenant Lease)." Id. A Primary Tenant Cash Sweep Period ends, inter alia, upon a "Lease Replacement Event," or when

> (I) the Primary Tenant has renewed the Primary Tenant Lease on
> terms reasonably satisfactory to Lender (but not for a term of less
> than five (5) years or for rent below the then market rental rate),

**655576/2024 KB GREEN VALLEY NORTH, DST, A DELAWARE STATUTORY TRUST vs.
KEYBANK NATIONAL ASSOCIATION, A NATIONAL BANKING ASSOCIATION ET AL
Motion No. 001**

Page 1 of 4

[* 1]

and (II) Borrower has delivered to Lender (1) a copy of the
Primary Tenant Lease renewal …

Id.

Pursuant to § 7.5.1 of the Loan Agreement, during a Primary Tenant Cash Sweep Period, KB
"shall deposit all Excess Cash Flow" with Lender, to be held as additional security. Id. As KB
explains, a Cash Sweep:

> involves the Lender essentially taking control of all of the monthly
> revenue generated by the Property, paying itself the monthly
> installment payment under the Loan Agreement and after remitting
> to the Borrower funds previously authorized by the Lender for the
> upkeep and maintenance of the Property, retaining for itself all of
> the remaining revenue (Excess Cash Flow). While theoretically
> the Excess Cash Flow retained by Lender is to be ultimately
> returned to the Borrower at the latest upon final payment of the
> Loan, there are other provisions in the Loan Agreement which
> provide that the Excess Cash Flow serves as additional security for
> repayment of the Loan and otherwise inures to the benefit of the
> Lender.

NYSCEF Doc. No. 1 ¶ 19.

Pursuant to § 10.12 of the Loan Agreement,

> If a claim or adjudication is made that Lender or its agents have
> acted unreasonably or unreasonably delayed acting in any case
> where by law or under this Agreement or the other Loan
> Documents, Lender or such agent, as the case may be, has an
> obligation to act reasonably or promptly, Borrower agrees that
> neither Lender nor its agents shall be liable for any monetary
> damages, and Borrower's sole remedies shall be limited to
> commencing an action seeking injunctive relief or declaratory
> judgment.

NYSCEF Doc. No. 12.

On June 30, 2023, the lease for a Primary Tenant and prior owner of the Property, non-party
Greenspun Media Group ("Greenspun"), was scheduled to expire. Prior to that expiration,
Greenspun negotiated a "Second Amended and Restated Amendment to Lease" (the "Amended
Lease") that extended the lease for five years, from July 1, 2023, to June 30, 2028, and included
provisions "affording [Greenspun] the ability to reduce the amount of space being occupied
and/or to terminate" the Lease after 13 months, so long as Greenspun was not in default at the
time. NYSCEF Doc. No. 1 ¶ 17.

655576/2024   KB GREEN VALLEY NORTH, DST, A DELAWARE STATUTORY TRUST vs.
KEYBANK NATIONAL ASSOCIATION, A NATIONAL BANKING ASSOCIATION ET AL
Motion No. 001

Page 2 of 4

2 of 4

Despite Greenspun's Amended Lease, defendants "initiated a Cash Sweep," based on the occurrence of a Primary Tenant Cash Sweep Period, which remains ongoing. NYSCEF Doc. No. 1 ¶ 22.

On October 22, 2024, KB sued defendants, asserting causes of action for: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) unjust enrichment; (4) declaratory relief that the ongoing Cash Sweep is invalid; and (5) an injunction restraining defendants from continuing to conduct the Cash Sweep. NYSCEF Doc. No. 1.

Defendants now move, pursuant to CPLR 3211(a)(1) and (7), to dismiss the complaint. NYSCEF Doc. No. 8. Defendants argue, inter alia, that: plaintiff's first, second, and third causes of action are barred by the terms of the Loan Agreement; that plaintiff has no causes of action against KeyBank, which assigned, sold, and transferred its interest in the Loan; that no actual breach of the Loan occurred because the Primary Tenant at the Property, Greenspun, failed to renew its lease for a five year term and, therefore, triggered a Cash Sweep; and that no real justiciable controversy exists between the parties as the Loan agreement is unambiguous. NYSCEF Doc. No. 14.

In opposition, plaintiff argues, inter alia, that: KeyBank remains liable despite its assignment of the Loan Agreement; defendants have breached the Loan Agreement by refusing to approve the Amended Lease; and whether the Loan Agreement was breached is an issue of fact. NYSCEF Doc. No. 33.

Discussion

> Dismissal of a complaint pursuant to CPLR 3211(a)(1) is warranted where "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." In particular, where a written agreement (such as the lease in this case) unambiguously contradicts the allegations supporting a litigant's cause of action for breach of contract, the contract itself constitutes documentary evidence warranting the dismissal of the complaint pursuant to CPLR 3211(a)(1), regardless of any extrinsic evidence or self-serving allegations offered by the proponent of the claim. This follows from the bedrock principle that it is a court's task to enforce a clear and complete written agreement according to the plain meaning of its terms, without looking to extrinsic evidence to create ambiguities not present on the face of the document. This rule has "special import 'in the context of real property transactions, where commercial certainty is a paramount concern, and where . . . the instrument was negotiated between sophisticated, counseled business people negotiating at arm's length.'"

150 Broadway N.Y. Assoc., L.P. v Bodner, 14 AD3d 1, 5-6 (1st Dept 2004) (internal citations omitted).

**655576/2024   KB GREEN VALLEY NORTH, DST, A DELAWARE STATUTORY TRUST vs.**
**KEYBANK NATIONAL ASSOCIATION, A NATIONAL BANKING ASSOCIATION ET AL**
**Motion No. 001**

Page 3 of 4

3 of 4

[* 3]

In the case at bar, the question is whether the Amended Lease cured the Primary Tenant Cash Sweep Period, i.e. was Greenspun's lease renewed "on terms reasonably satisfactory to Lender (but not for a term of less than five (5) years or for rent below the then market rental rate)." Plaintiff asks the Court to find that defendants breached by refusing to accept the "reasonably satisfactory" Amended Lease. However, by the clear language of the Loan Agreement, before the lender can decide if the terms of a lease are reasonably satisfactory, the lease in question must be for a term of at least five years and at or above the market rental rate.

Essentially, the Amended Lease becomes a contractual Schrödinger's Cat, the length of its term depending on the observer. From the perspective of Greenspun and plaintiff, it is a lease for five years that Greenspun has the *option* to terminate or change after thirteen months. From the perspective of defendants, it is a lease for a variable term of at least thirteen months and at most five years. Through the lens of the Loan Agreement, which includes Primary Tenant Cash Sweep Periods specifically to assure that "Primary Tenants" have long, market rate leases, the Amended Lease is for an indefinite, and potentially less than five-year, term.

Thus, because the length of the Amended Lease's term will only be apparent when it ends, it cannot be a for "a term of less than five (5) years" and cannot cure the Primary Tenant Cash Sweep Period. Therefore, the Loan Agreement has not been breached, and the motion to dismiss should be granted.

This Court has considered plaintiff's other arguments and finds them to be unavailing and/or non-dispositive.

Conclusion
The motion to dismiss is hereby granted, and the Clerk is directed to dispose of the action accordingly.

HON. ARTHUR F. ENGORON

| 5/13/2025 | | | ARTHUR F. ENGORON, J.S.C. |
|---|---|---|---|
| DATE | | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

655576/2024   KB GREEN VALLEY NORTH, DST, A DELAWARE STATUTORY TRUST vs. KEYBANK NATIONAL ASSOCIATION, A NATIONAL BANKING ASSOCIATION ET AL
Motion No. 001

Page 4 of 4

4 of 4

[* 4]